1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
DISTRICT OF WASHINGTON AT SEATTLE

9

| | |
|---|---|
| JANE DOE, individually, on behalf of similarly situated individuals, and on behalf of THE BOEING COMPANY MASTER WELFARE PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY MASTER WELFARE PLAN, and THE BOEING COMPANY EMPLOYEE BENEFIT PLANS COMMITTEE,<br><br>Defendants. | NO. 2:15-cv-1493<br><br>COMPLAINT<br>(CLASS ACTION) |

10

11

12

13

14

15

16

17

18

## I. PARTIES

19

     1.    ***Jane Doe.***[*]  Plaintiff Jane Doe ("Plaintiff") resides in King County, Washington.

20

Plaintiff is a beneficiary, as defined by ERISA § 3(8), 29 U.S.C. § 1002(8), of the Boeing

21

22

23

---

24

[*] Plaintiff brings this action anonymously because information regarding substance abuse treatment of licensed professionals, as alleged herein, is confidential and exempt from disclosure. *See* RCW 18.130.175(f).  Plaintiff's identity will be disclosed to Defendants' counsel upon entry of a protective order in accordance with Fed. R. Civ. P. 26(c).  Courts have approved this approach.  *See, e.g,. In re Rogers Litig.*, S-02-042, 2003 WL 22533670, at *4 (Ohio Ct. App. Nov. 7, 2003) ("The fact that the class representatives are anonymous does not affect their right to proceed in this action, *see Jane Doe v. Mundy* (C.A.7,, 1975), 514 F.2d 1179, 1182, particularly in light of the fact that appellees agreed to identify themselves to appellant.").

25

26

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

Company Master Welfare Plan.  Plaintiff's coverage is through her spouse's employment with the Boeing Company.

2.     ***The Boeing Company Master Welfare Plan.*** Defendant The Boeing Company Master Welfare Plan (the "Plan") is an employee welfare benefit plan under the Employment Retirement Security of Act of 1974 ("ERISA").  The Plan provides health benefits for Boeing employees and their dependents such as Plaintiff.

3.     ***The Boeing Company Employee Benefit Plans Committee.*** The Boeing Company Employee Benefit Plans Committee ("Boeing") is the "Plan Administrator" and is a named fiduciary under ERISA.

## II.  JURISDICTION AND VENUE

4.     Jurisdiction of this Court arises pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

5.     Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because, *inter alia*, a defendant resides or may be found in this district.

## III.  NATURE OF THE CASE

6.     Residential Substance Use Rehabilitation Treatment Services (RSURTS) are provided to individuals with significant and persistent Substance Abuse and Substance Dependence Disorders (SASDD) who require 24-hour treatment and supervision in a controlled and safe environment.  Plaintiff seeks to end Boeing's discriminatory practice of severely limiting coverage under the Plan for RSURTS, at least for its Washington enrollees.  Boeing severely limits coverage of RSURTS under the Plan even when medically necessary.  Boeing does not have an express exclusion of RSURTS in its Plan document.  Instead, Boeing achieves the same effect by having its claims administrators severely limit coverage of RSURTS through internal policies.  Upon information and belief, Boeing directed its non-mental health claims administrator, Blue Cross Blue Shield of Illinois (BCBSIL), to classify RSURTS as a mental health service to be administered by ValueOptions, Boeing's mental health claims administrator.

COMPLAINT - 2

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

Under ValueOptions' Clinical Criteria for RSURTS, discharge planning must begin at admission, alternative placement must be rapidly identified if discharge to a home/family is not an option, there must be active efforts to secure such alternative placement, and RSURTS is permitted only if the behavioral or biomedical problems are severe enough to preclude out-patient treatment.

7.     ValueOptions is a for-profit corporation that administers behavioral health benefits for health benefit plans (including the Plan) and insurance companies.  ValueOptions merged with Beacon Health Strategies in 2014 and is now Beacon Health Options (referred to collectively herein as BHO).  The Attorney General of New York previously investigated BHO's administration of behavioral health benefits for SASDD and concluded that BHO's practices have had the effect of unlawfully limiting access to behavioral health services for mental health and substance use disorders.

8.     Here too, the effect of Boeing/BHO's Clinical Criteria for RSURTS is that it is impossible for Plaintiff and the proposed class to obtain coverage for medically necessary RSURTS.  The result is a *de facto* exclusion of services that are otherwise covered under the terms of the Boeing Plan.  Said exclusion breaches the Plan and Boeing's fiduciary duties to Plaintiff and the proposed class.

9.     Boeing's *de facto* exclusion of medically necessary RSURTS is also a violation of the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 ("Mental Health Parity Act" or "Parity Act").  See 29 U.S.C. § 1185a.  The purpose of the Parity Act was to end discrimination in the provision of coverage for mental health treatment, as compared to medical and surgical services.  *See Coalition for Parity, Inc. v. Sebelius,* 709 F. Supp. 2d 10, 13 (D.D.C. 2010).  While the Parity Act does not require Boeing to cover mental health services, if Boeing chooses to cover mental health services in its Plan – and it does – such coverage must be provided "at parity" with medical/surgical benefits.  This means that the Plan must ensure that:

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

[T]he treatment limitations applicable to such mental health or substance use disorder benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan (or coverage) *and there are no separate treatment limitations that are applicable only with respect to mental health or substance use disorder benefits.*

29 U.S.C. § 1185a(a)(3)(A)(ii) (emphasis added); see also 29 C.F.R. § 2590.712(c)(4). Thus, Plaintiff and other individuals diagnosed with SASDD are entitled to all medically necessary RSURTS to treat their SASDD as required by the Parity Act.

10.     ERISA requires Boeing to administer the Plan in a manner that includes the requirements of non-preempted federal insurance mandates, including the Parity Act and its implementing regulations. By applying a *de facto* exclusion of medically necessary RSURTS, in violation of the Parity Act and its regulations, Boeing is systemically and uniformly failing to properly administer its Plan. It is also breaching its fiduciary duties to Plaintiff and class members, who have not received the benefits to which they are entitled.

11.     This lawsuit seeks remedies for Boeing's breach of fiduciary duty under ERISA and its failure to properly administer the terms of Plan, as modified by the Parity Act and its implementing regulations. It further seeks to recover the benefits that have been wrongfully denied to Plaintiff and the class she seeks to represent. It also seeks a court order declaring Boeing's *de facto* exclusion of medically necessary RSURTS void and unenforceable. The lawsuit further seeks an injunction to prevent any future or ongoing efforts by Boeing to use and enforce any *de facto* exclusion of medically necessary RSURTS to treat SASDD.

## IV.  CLASS ALLEGATIONS

12.     ***Definition of Class.***  The class consists of all individuals who:

(a)  have been, are, or will be Washington state participants or beneficiaries under The Boeing Master Welfare Plan on or after January 1, 2010; and

(b)  have required, require, or are expected to require RSURTS to treat SASDD.

13.     ***Size of Class.***  The class of Washington State participants and beneficiaries who, since January 1, 2010, have required, require, or are expected to require RSURTS to treat

COMPLAINT - 4

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

SASDD is expected to be so numerous that joinder of all members is impracticable.

14. ***Class Representative.*** Plaintiff is a beneficiary enrolled in the Plan, which is subject to ERISA. Plaintiff was diagnosed with SASDD, which is considered a mental health disorder under the terms of the Plan. Boeing denied Plaintiff's requests for coverage of medically necessary RSURTS to treat her SASDD. Plaintiff's claims are typical of the claims of the other members of the class, and she will fairly and adequately represent the interests of the class.

15. ***Common Questions of Law and Fact.*** This action requires a determination of whether Boeing's policies and practices regarding medically necessary RSURTS, as reflected in BHO's Clinical Criteria regarding RSURTS, result in a *de facto* exclusion of medically necessary RSURTS to treat SASDD, breaching its fiduciary duties and violating the terms of the Plan as modified by the requirements of the Parity Act. Adjudication of this issue will in turn determine whether Boeing is liable under ERISA for its conduct.

16. ***Separate Suits Would Create Risk of Varying Conduct Requirements.*** The prosecution of separate actions by class members against Boeing would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct. Certification is therefore proper under FRCP 23(b)(1).

17. ***Boeing Has Acted on Grounds Generally Applicable to the Class.*** By directing BCBSIL to classify RSURTS as a mental health service to be administered by BHO under its Clinical Criteria, Boeing has imposed a *de facto* exclusion of medically necessary RSURTS to treat SASDD for its Washington enrollees who need such treatment and has acted on grounds generally applicable to the class, rendering declaratory relief appropriate respecting the whole class. Certification is therefore proper under FRCP 23(b)(2).

18. **Questions of Law and Fact Common to the Class Predominate Over Individual Issues.** The claims of the individual class members are more efficiently adjudicated

COMPLAINT - 5

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

on a class-wide basis.  Any interest that individual members of the class may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism.  Upon information and belief, there has been no class action suit filed against this defendant for the relief requested in this action for a class of ERISA insureds.  This action can be most efficiently prosecuted as a class action in the Western District of Washington, where Boeing does business and where Plaintiff resides.  Issues as to Boeing's conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the class.  Certification is therefore additionally proper under FRCP 23(b)(3).

19.     **Class Counsel.**  Plaintiff has retained experienced and competent class counsel.

## V.  FACTUAL BACKGROUND

20.     During certain time periods on and after January 1, 2010, Plaintiff and members of the class have been, are, or will be Washington state beneficiaries of the Boeing Corporation Welfare Plan, which is subject to ERISA pursuant to 29 U.S.C. § 1003.

21.     Since January 1, 2010, and continuing to the present, Plaintiff and other members of the class have been diagnosed with SASDD as listed in the Diagnostic and Statistical Manual (DSM) IV or V.

22.     Plaintiff and other members of the class have required, currently require, or will require RSURTS to treat their SASDD.  As defined by the Plan and relevant state and federal law, RSURTS are "mental health services."  Boeing, however, has excluded medically necessary RSURTS for SASDD by directing BCBSIL to classify RSURTS as a mental health service to be administered by BHO under its Clinical Criteria.

23.     The application of these uniform Plan exclusions and limitations is not "at parity" with Boeing's coverage of medical/surgical services.  As a result, Plaintiff and other members of the class have paid for medically necessary RSURTS out of their own pockets or face the

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

imminent threat that they will have to do so in the near future.  Other class members have been forced to forgo needed treatment due to Boeing's conduct.

24.     In light of BHO's Clinical Criteria and its continued denial of medically necessary RSURTS to treat Plaintiff's SASDD, any attempt by class members to pursue administrative remedies is futile.  Nonetheless, Plaintiff has completed the internal appeal and external review process within the Plan to no avail and has exhausted her administrative remedies.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM:
### BREACH OF FIDUCIARY DUTIES
### ERISA § 404(a)(1), 29 U.S.C. § 1104(a)

25.     Plaintiff re-alleges all paragraphs above.

26.     Boeing is a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it is identified in the Plan as the Plan Administrator and named fiduciary.

27.     ERISA imposes strict fiduciary duties upon plan fiduciaries.  ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a)(1)(C), states, in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and … in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

28.     ERISA § 409(a), 29 U.S.C. § 1109(a), states, in relevant part:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the Plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the Plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29.     The terms of an ERISA plan include non-preempted provisions of substantive state and federal law, such as the requirements in the Parity Act.  Boeing has failed to comply

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

with the terms of the Plan, which include the requirements of the Parity Act and its implementing regulations.

30.    Boeing violated its obligations under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), by failing to act in accordance with the documents and instruments governing the Plan, and breached its fiduciary duties to the Plan, Plaintiff, and all class members.

31.    As a direct and proximate result of these acts and omissions, Plaintiff, class members, and the Plan have suffered losses and are entitled to relief under ERISA against Boeing.

32.    Plaintiff, class members, and the Plan seek recovery of all losses to the Plan, including, but not limited to, relief compelling Boeing to restore to the Plan all losses, including interest, arising from Boeing's breaches of its fiduciary duties when it failed to cover the treatment required by the terms of the Plan as modified by the federal Parity Act and implementing regulations.

**SECOND CLAIM:**

**CLAIM FOR RECOVERY OF BENEFITS, CLARIFICATION OF RIGHTS UNDER TERMS OF THE PLANS AND CLARIFICATION OF RIGHT TO FUTURE BENEFITS UNDER THE PLAN ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

33.    Plaintiff re-alleges all paragraphs above.

34.    ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides that a participant or beneficiary may bring an action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

35.    Plaintiff and the class are entitled to recover benefits due them due to the *de facto* exclusion of medically necessary RSURTS for SASDD. They are also entitled to a declaration of present and future rights to coverage of medically necessary RSURTS to treat SASDD.

COMPLAINT - 8

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

**THIRD CLAIM:**

**CLAIM TO ENJOIN ACTS AND PRACTICES IN VIOLATION OF THE TERMS OF THE PLANS, TO OBTAIN OTHER EQUITABLE RELIEF AND TO ENFORCE THE TERMS OF THE PLANS**
**ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)**

36.     Plaintiff re-alleges all paragraphs above.

37.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan." Plaintiff and the class seek to enjoin Boeing from continuing to apply a *de facto* exclusion of medically necessary RSURTS for SASDD. Plaintiff and the class also seek to have Boeing provide the class with corrective notice and reformation of the relevant Plan documents.

38.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), further provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms. To the extent full relief is not available under ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(B), or ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), then Plaintiff and the class seek equitable remedies including, without limitation, unjust enrichment, disgorgement, restitution, and surcharge arising out of Boeing's failure to administer the terms of the Plan as modified by the Parity Act and implementing regulations.

## VII. DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1.     Certify this case as a class action; designate Plaintiff as class representative; and designate PETERSON WAMPOLD ROSATO LUNA KNOPP, Michael S. Wampold, Leonard J. Feldman, and Felix G. Luna, as class counsel;

2.     Enter judgment on behalf of the Plan, Plaintiff, and the class for losses sustained by such Plan due to Boeing's breaches of fiduciary duty and failure to pay Plan benefits;

3.     Declare that Boeing may not apply contract provisions, policies or practices that

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

exclude or impermissibly limit RSURTS for SASDD, a mental health disorder, since such exclusions and/or limitations are not predominantly applied to medical and surgical services;

4. Enjoin Boeing from further violations of the terms of the Plan as modified by the Parity Act and implementing regulations;

5. Enter judgment in favor of Plaintiff and the class for damages in an amount to be proven at trial due to the failure to provide benefits due under the Plan as modified by the Parity Act and its implementing regulations;

6. Award Plaintiff and the class their attorney fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g); and

7. Award such other relief as is just and proper.

DATED:  September 18, 2015.

<table>
<tr><td><strong>PETERSON | WAMPOLD ROSATO | LUNA | KNOPP</strong></td><td><strong>JOYCE ZIKER PARKINSON PLLC</strong></td></tr>
<tr><td><em>/s/Michael S. Wampold</em><br><em>/s/Leonard J. Feldman</em><br><em>/s/ Felix G. Luna</em><br>Michael S. Wampold, WSBA No. 26053<br>Leonard J. Feldman, WSBA No. 20961<br>Felix G. Luna, WSBA No. 27087<br>Attorneys for Plaintiff<br>1501 4th Avenue, Suite 2800<br>Seattle, WA  98101<br>Ph. (206) 624-6800<br>wampold@pwrlk.com<br>feldman@pwrlk.com<br>luna@pwrlk.com</td><td><em>/s/ Stephen R. Parkinson</em><br><em>/s/ Barry G. Ziker</em><br>Stephen R. Parkinson, WSBA No. 21111<br>Barry G. Ziker, WSBA No. 11220<br>1601 5th Avenue, Suite 2040<br>Seattle, WA  98101<br>Ph. (206) 957-5960<br>sparkinson@jzplaw.com<br>bziker@jzplaw.com</td></tr>
</table>

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415