THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANE DOE,

Plaintiff,

v.

THE BOEING COMPANY MASTER WELFARE PLAN, and THE BOEING COMPANY EMPLOYEE BENEFIT PLANS COMMITTEE,

Defendants.

No. 2:15-cv-1493

**DEFENDANTS THE BOEING COMPANY MASTER WELFARE PLAN AND THE BOEING COMPANY EMPLOYEE BENEFIT PLANS COMMITTEE'S MOTION TO DISMISS PLAINTIFF JANE DOE'S AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

Noted for June 10, 2016



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

**TABLE OF CONTENTS**

**Page**


INTRODUCTION. .......... 1

I. RELEVANT BACKGROUND AND ALLEGATIONS OF THE COMPLAINT. .......... 3

A. Ms. Doe's Claim Under The Plan And Her Subsequent Appeals And External Review. .......... 3

B. The Plan. .......... 4

II. LEGAL STANDARD. .......... 5

III. ARGUMENT. .......... 6

A. Ms. Doe's First Claim Fails Because It Seeks The Same Relief Afforded Under ERISA's Claim For Benefits Provision And Therefore Cannot Be Maintained Under ERISA § 502(a)(3). .......... 6

B. The Court Should Dismiss Ms. Doe's Second Claim For Recovery Of Benefits As Untimely. .......... 7

C. The Third Claim Fails Because Ms. Doe Lacks Standing To Seek Prospective Injunctive Relief And The Other Equitable Relief She Seeks Is Duplicative Of Her Claim For Benefits. .......... 10

IV. CONCLUSION. .......... 11




MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.F. v. Providence Health Plan*, Case No. 3:13-cv-00776-SI, 2016 U.S. Dist. LEXIS 1503 (D. Or. Jan. 7, 2016) .......... 6

*Antolik v. Saks, Inc.*, 463 F.3d 796 (8th Cir. 2006) .......... 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 5

*Bates v. United Parcel Serv., Inc.*, 511 F.3d 974 (9th Cir. 2007) .......... 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 5, 11

*Brady v. United of Omaha Life Ins. Co.*, 902 F. Supp. 2d 1274 (N.D. Cal. 2012) .......... 6

*Burris v. Aurora Health Care Long Term Disability Plan*, No. 08-cv-322, 2009 U.S. Dist. LEXIS 23865 (E.D. Wis. Mar. 13, 2009) .......... 9

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) .......... 10

*Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869 (7th Cir. 1997) .......... 9

*Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir. 1997) .......... 6

*Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945 (9th Cir. 2014) .......... 6

*Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604 (2013) .......... 7, 8, 9

*Johnson v. Buckley*, 356 F.3d 1067 (9th Cir. 2004) .......... 6

*Jones v. Bock*, 549 U.S. 199 (2007) .......... 5



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Katz v. Comprehensive Plan of Group Ins.*,
197 F.3d 1084 (11th Cir. 1999)........................................................................ 6

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005)........................................................................ 3,4

*Korotynska v. Metro. Life Ins. Co.*,
474 F.3d 101 (4th Cir. 2006)........................................................................ 6

*Northlake Reg'l Med. Ctr. v. Waffle House Sys. Emp. Benefit Plan*,
160 F.3d 1301 (11th Cir. 1998)........................................................................ 8

*Rochow v. Life Ins. Co. of N. Am.*,
780 F.3d 364 (6th Cir. 2015)........................................................................ 6

*Sams v. Yahoo!, Inc.*,
713 F.3d 1175 (9th Cir. 2013)........................................................................ 5

*Scharff v. Raytheon Co. Short Term Disability Plan*,
581 F.3d 899 (9th Cir. 2009)........................................................................ 7

*Summers v. Earth Island Inst.*,
555 U.S. 488 (2009)........................................................................ 10

*Susan B. Anthony List v. Driehaus*,
134 S. Ct. 2334 (2014)........................................................................ 10

*Varity Corp. v. Howe*,
516 U.S. 489 (1996)........................................................................ 6

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
592 F.3d 954 (9th Cir. 2010)........................................................................ 5

*Withrow v. Halsey, Inc.*,
655 F.3d 1032 (9th Cir. 2011)........................................................................ 7

*Yamaguchi v. U.S. Dep't. of Air Force*,
109 F.3d 1475 (9th Cir. 1997)........................................................................ 5



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

**STATUTES**

ERISA, 29 U.S.C.

§ 3(1), § 1002(1) .... 4
§ 502(a), § 1132(a) .... *passim*

Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 .... 1

**RULES AND REGULATIONS**

Fed. R. Civ. P. 12(b)(6) .... 2, 5



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

**INTRODUCTION.**

The Amended Complaint ("AC") filed by Plaintiff Jane Doe, a physician, against The Boeing Master Welfare Plan (the "Plan") and The Boeing Company Employee Benefit Plans Committee (the "Committee") seeks benefits and other relief relating to residential treatment for her reported substance abuse disorder. Ms. Doe alleges that clinical criteria used by the Plan's third-party claims administrator to evaluate eligibility for coverage makes it "impossible for Plaintiff to obtain coverage for medically necessary" residential treatment, which she describes as a "*de facto* exclusion." AC ¶¶ 8-9. But the administrative record, which is incorporated by reference into the Amended Complaint, reveals that Ms. Doe received coverage for 16 days of residential treatment at the institution of her choice under the Plan. Thereafter, it was determined, and upheld both on first- and second-level appeals and an impartial external review, that additional residential treatment she desired was not medically necessary and that intensive outpatient treatment was the appropriate level of care. Indeed, it appears that Ms. Doe sought additional coverage not because of medical necessity, but because she self-reported her disorder to the Washington State Department of Health and was required to complete a longer residential treatment program to continue practicing medicine. AC ¶ 20.

Ms. Doe asserts three claims under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). First, she brings a claim for breach of fiduciary duty alleging that Defendants breached their obligations under ERISA by failing to comply with the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 (the "Parity Act") in connection with her request for additional residential treatment. Second, Ms. Doe asserts a claim to recover benefits for allegedly medically-necessary residential treatment for substance abuse and seeks a declaration of present and future rights to coverage. Finally, in her third claim, Ms. Doe seeks injunctive relief against the application of the ostensible *de facto* exclusion of coverage for residential treatment of substance abuse



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

disorders as well as other equitable relief. Each of these claims fails under Federal Rule of Civil Procedure 12(b)(6).

Ms. Doe's first claim, for breach of fiduciary duty under ERISA § 502(a)(3), seeks relief in the form of reimbursement of her out-of-pocket costs for the month she remained in residential therapy once the Plan's benefits ended. The relief being sought is wholly duplicative of the relief statutorily afforded under ERISA § 502(a)(1)(B)—ERISA's claim for benefits mechanism. The Supreme Court has held that such a claim for duplicative relief cannot be maintained under ERISA § 502(a)(3). Here, it appears that the only reason for this alternative pleading is an attempt to make an end run around the Plan's claim for benefits limitations provision, making dismissal of the duplicative claim all the more compelling. The first claim should be dismissed.

Her second claim, seeking benefits under ERISA § 502(a)(1)(B), is time-barred by the Plan's limitations period to bring a civil suit after exhaustion of administrative remedies. Indeed, the face of the final internal appeal letter (Level II Appeal) reflects its issuance on August 26, 2014. Dkt. No. 24 (Declaration of Leanne Mulford ("Mulford Dec."), Ex. A). The Plan permits 180 days from the date of a final internal adverse determination for a participant to institute legal action. Yet Plaintiff waited until September 18, 2015 to commence this litigation—388 days after completion of the internal Plan review, and 271 days after an external review affirmed the propriety of the Plan's internal adverse benefits determination. The time-barred claim should be dismissed.

Ms. Doe's third claim, for prospective injunctive relief, also fails because she has not included, and cannot include, particular allegations demonstrating that she will suffer harm in the future. Her conclusory statement that she "will suffer harm" is simply not enough to state a claim for an injunction under Supreme Court and Ninth Circuit pleading standards.

Accordingly, Defendants respectfully request that the Court dismiss Ms. Doe's Amended Complaint with prejudice.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

# I. RELEVANT BACKGROUND AND ALLEGATIONS OF THE COMPLAINT.

## A. Ms. Doe's Claim Under The Plan And Her Subsequent Appeals And External Review.

Ms. Doe is a beneficiary of the Plan by virtue of her spouse's employment with Boeing. AC ¶ 1. Ms. Doe alleges that she has been diagnosed with a substance abuse disorder. *Id.* ¶ 14. She further alleges, without explanation, that she "faces the imminent threat" of having to pay for "medically necessary [residential treatment for a substance abuse disorder] out of her own pocket . . . in the near future." *Id.* ¶ 18. Without acknowledging the inpatient treatment she received, Ms. Doe charges that her claim for further residential treatment was wrongfully denied during her exhaustion of the Plan's internal appeal and external review processes. *Id.* ¶ 19. The referenced documents reflect that the internal review was completed on August 26, 2014 and the external review of Ms. Doe's adverse benefits determination was completed on December 21, 2014. Mulford Dec., Ex. A.[1] At each level of review, the conclusion was the same: residential treatment beyond the 16 days that Ms. Doe already received and for which the Plan paid to treat her alleged substance abuse disorder was not medically necessary because there was no evidence of "biomedical or psychological impairment, or the likelihood of relapse requiring treatment at the Residential Treatment Setting level of care." *Id.* Instead, the Plan covered 16 days of residential treatment, plus approved continued intensive outpatient treatment. *Id.*

---

[1] Defendants respectfully request that the Court consider the administrative review correspondence applicable to Ms. Doe's allegations under the incorporation by reference doctrine because she specifically relies upon the internal and external coverage determinations to support her claims, and those coverage determination letters are integral to each of her claims. AC ¶¶ 17, 19-20; *Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005) (stating that on a motion to dismiss a court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading").



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

Ms. Doe filed this action on September 18, 2015 — 388 days after the completion of the Level II appeal process and more than six months after the expiration of the Plan's limitations period. Dkt. No. 1.

**B. <u>The Plan.</u>**

The Plan is a welfare benefit plan as defined by ERISA § 3(1), 29 U.S.C. § 1002(1). AC ¶ 2. It provides specified health benefits to eligible Boeing employees and their beneficiaries as delineated under the terms of the Plan. *Id.*; Dkt. No. 23 (Declaration of Gary Nuzzi ("Nuzzi Dec.")), Ex. A at i.[2]

The governing Plan documents consist of The Boeing Company Master Welfare Plan wrap document ("Wrap Plan Document") and the Summary Plan Description ("SPD") applicable to the component benefit plan, here, the Health Plan. Nuzzi Dec. at Exs. A and B. If a participant receives an adverse benefit determination, the SPD specifies an appeal process for denied claims. *Id.*, Ex. B at 4-7. The SPD further provides that if a participant's appeal is denied,

> [he or she] may bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). However, except as otherwise provided in an insured contract, ***you must bring any legal action within 180 days after the***
>
> - ***Decision on appeal of your claim for benefits or eligibility***, or
> - Expiration of time to take an appeal if no appeal is taken.

*Id.* at 4-7 (emphasis added). This limitation period is also stated in the Wrap Plan Document. *Id.*, Ex. B at 8.3 (stating that "[n]o legal action may be brought in court on a claim for benefits under the Plan after 180 days following the decision on appeal . . . ."). Thus, the Plan sets forth a limitations period that precludes a Plan participant from

[2] Defendants request that the Court consider the Plan document under the incorporation by reference doctrine. *Knievel*, 393 F.3d at 1076–77. Plaintiff references the Plan in the Amended Complaint at paragraphs 1, 2, 6, 8-11, 13, 16-21, 23, 26, 34.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

instituting litigation more than 180 days after the adverse benefit determination made on final appeal.

Here, whether one calculates the trigger for the plan limitations period from the conclusion of the Level II appeal or the conclusion of the external review, Ms. Doe filed her civil action too late—388 days after the date of the Level II appeal letter and 271 days after the date of the external review decision notification letter.

## II. LEGAL STANDARD.

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Rule 12(b)(6), a case should be dismissed if "the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Yamaguchi v. U.S. Dep't. of Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997) (stating that a case should be dismissed for failure to state a claim if "it appears *beyond doubt* that [a] plaintiff can prove no set of facts in support of [its] claim that would entitle [it] to relief") (citation omitted). The legal conclusions Ms. Doe offers that are couched as factual allegations – including that there is a *de facto* exclusion for medically-necessary residential treatment for a substance abuse disorder – should also not be accepted by the Court. *Twombly,* 550 U.S. at 555 (citation omitted); *Sams v. Yahoo!, Inc.*, 713 F.3d 1175, 1181 (9th Cir. 2013). A court may grant a motion to dismiss for failure to state a claim where the complaint or incorporated documents indicate that the applicable limitations period bars the claim. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

## III. ARGUMENT.

### A. Ms. Doe's First Claim Fails Because It Seeks The Same Relief Afforded Under ERISA's Claim For Benefits Provision And Therefore Cannot Be Maintained Under ERISA § 502(a)(3).

Ms. Doe's first claim fails because she brought it under ERISA § 502(a)(3) to duplicate the relief afforded under ERISA § 502(a)(1)(B). The Supreme Court has held that Section 502(a)(3), as ERISA's "catch-all" remedy, provides a cause of action *only* if Congress has not provided a mechanism for seeking the desired relief elsewhere in the statute. *Varity Corp. v. Howe,* 516 U.S. 489, 515 (1996). Ms. Doe seeks benefits in her second claim under Section 502(a)(1)(B). AC ¶¶ 32-36. Because Section 502(a)(1)(B) provides Plaintiff with a vehicle for her claim, she cannot pursue the first claim under Section 502(a)(3) where she does not allege any losses other than her out-of-pocket costs for residential treatment of substance abuse, which are fully recoverable, if at all, under Section 502(a)(1)(B). *See, e.g, Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 371 (6th Cir. 2015) (holding that "a claimant cannot pursue a breach-of-fiduciary-duty claim under § 502(a)(3) based solely on an arbitrary and capricious denial of benefits where the § 502(a)(1)(B) remedy is adequate to make the claimant whole"); *Johnson v. Buckley,* 356 F.3d 1067, 1077-78 (9th Cir. 2004) (when relief is available under § 502(a)(1), courts will not allow relief under § 502(a)(3)'s catch-all provision); *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474-75 (9th Cir. 1997) (equitable relief under Section 502(a)(3) is not appropriate where Section 502(a)(1) provides an adequate remedy), *overruled on other grounds, Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).[3]

---

[3] *See also Korotynska v. Metro. Life Ins. Co.,* 474 F.3d 101, 106 (4th Cir. 2006) (joining the great majority of circuit courts" in holding "that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3)"); *Antolik v. Saks, Inc.*, 463 F.3d 796, 803 (8th Cir. 2006) ("[W]here a plaintiff is provided adequate relief by the right to bring a claim for benefits under. . . § 1132(a)(1)(B), the plaintiff does not have a cause of action to seek the same remedy under § 1132(a)(3)(B).") (citations omitted); *Katz v. Comprehensive Plan of Group Ins.,* 197 F.3d 1084, 1088-89 (11th Cir. 1999) (holding that even the unrealized prospect of relief under Section 1132(a)(1)



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

Further, it appears that Plaintiff is attempting to recast her benefits claims as a breach of fiduciary duty claim because her benefits claim is barred by the internal Plan limitations period. This attempt to use ERISA's catch-all to subvert the statute of limitations is improper. While invoking equitable language such as "unjust enrichment, disgorgement, restitution, surcharge and reformation," AC at ¶ 29, the First Claim actually requests an award of Ms. Doe's "losses, including interest, arising from Boeing's breaches of its fiduciary duties when it failed to cover the treatment" she requested. This amounts to nothing more than a request for payment of benefits allegedly due under the Plan. ERISA affords pursuit of such benefits under Section 502(a)(1)(B), not Section 502(a)(3). Without plausible allegations of something more requiring true equitable relief, the First Claim for Relief should be dismissed.

**B. <u>The Court Should Dismiss Ms. Doe's Second Claim For Recovery Of Benefits As Untimely</u>.**

In evaluating whether an action for benefits is timely, courts look to both the applicable statute of limitations and the limitations provisions in the plan. *Withrow v. Halsey, Inc.*, 655 F.3d 1032, 1035 (9th Cir. 2011). ERISA does not provide a statute of limitations for benefit claims, so courts in the Ninth Circuit generally apply the six-year statute of limitations for breach of written contract disputes to ERISA benefits claims arising in Washington. *Id.* at 1036. Courts will, however, enforce a shorter limitations period prescribed by a plan. *Id.* at 1039. The Supreme Court held in *Heimeshoff v. Hartford Life &*

renders relief under Section 1132(a)(3) unavailable); *Brady v. United of Omaha Life Ins. Co.*, 902 F. Supp. 2d 1274, 1279–1285 (N.D. Cal. 2012) (granting motion to dismiss Section 1132(a)(3) claims seeking equitable relief which were duplicative of forms of relief available under plaintiff's other claims). *But cf. Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 958 (9th Cir. 2014) (in the context of alleged oral misrepresentations, permitting claim for surcharge contrary to written benefit provisions to proceed); *A.F. v. Providence Health Plan*, Case No. 3:13-cv-00776-SI, 2016 U.S. Dist. LEXIS 1503, at *39 (D. Or. Jan. 7, 2016) (denying motion to dismiss Section 502(a)(3) claim under *Varity* where plaintiffs alleged that sufficient relief was not available under Section 502(a)(1)(B)).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

*Acc. Ins. Co.*, 134 S. Ct. 604 (2013), that absent a controlling statute to the contrary, the limitations period contained in an ERISA-governed employee benefit plan governs as long as the time period is reasonable. *Id.* at 609-10; *see also Scharff v. Raytheon Co. Short Term Disability Plan*, 581 F.3d 899, 901 (9th Cir. 2009) (same).

In *Heimeshoff*, plaintiff filed a civil action after the expiration of the plan at issue's internal limitations period. 134 S. Ct. at 608-09. The lower courts found that her suit was time barred. *Id.* at 610. The Supreme Court affirmed, explaining that the "principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan." *Id.* at 611. Based on a series of Supreme Court cases, the Court held that:

> 'The plan, in short, is at the center of ERISA.' '[E]mployers have large leeway to design disability and other welfare plans as they see fit.' And once a plan is established, the administrator's duty is to see that the plan is 'maintained pursuant to [that] written instrument.' This focus on the written terms of the plan is the linchpin of 'a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place.'

*Id.* at 612 (alterations in original) (citations omitted).

The Court noted that the statutory language of ERISA's cause of action for enforcement of benefits, ERISA § 502(a)(1)(B), underscored its conclusion. That statute permits a plan participant to file a civil action "to recover benefits due to him *under the terms of his plan*, to enforce his rights *under the terms of the plan*, or to clarify his rights to future benefits *under the terms of the plan*." *Heimeshoff*, 134 S. Ct. at 612 (quoting 29 U.S.C. §1132(a)(1)(B)). And that "statutory language speaks of *'enforc[ing]'* the 'terms of the plan,' not of *changing* them." *Id.* (quoting *CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1877 (2011) (original emphasis)).

The Court found that it "must give effect to the Plan's limitations provision unless [it] determine[s] either that the period is unreasonably short, or that a 'controlling statute' prevents the limitations provision from taking effect." *Id.* (citing *Order of United*



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

*Commercial Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947)). As to the length of the limitations period, the Court concluded that the plan's internal limitations period of one year after the final determination of a claim to file suit was not unreasonably short. *Id.* at 613 n.4 (the three-year period following proof of loss was whittled down to one year following exhaustion of internal appeals). Courts have likewise found a limitations period of 180 days or less reasonable. *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Emp. Benefit Plan*, 160 F.3d 1301, 1303–04 (11th Cir. 1998) (finding that 90-day limitations period provided in the plan reasonable); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 875 (7th Cir. 1997) ("A suit under ERISA, following as it does upon completion of an ERISA-required internal appeals process, is the equivalent of a suit to set aside an administrative decision, and ordinarily no more than 30 or 60 days is allowed within which to file such a suit."); *Burris v. Aurora Health Care Long Term Disability Plan*, No. 08-cv-322, 2009 U.S. Dist. LEXIS 23865, at *1 (E.D. Wis. Mar. 13, 2009) (holding that "a contractual limitation requiring an ERISA suit to be commenced within 180 days from a final review notice is reasonable and thus enforceable").

In this case, the Plan provides that a participant "must bring any legal action within 180 days after the decision on appeal of [his or her] claim for benefits or eligibility." Nuzzi Dec., Ex. B at 4-7; *see also id.*, Ex. A at Section 8.3 (stating that "[n]o legal action may be brought in court on a claim for benefits under the Plan after 180 days following the decision on appeal . . . ."). This limitation leaves plenty of time for a participant or beneficiary to file an action and therefore controls.[4]

The internal review process concluded on August 26, 2014, and the external review process of Ms. Doe's benefits determination was completed on December 21, 2014. Mulford Decl., Ex. A. Ms. Doe waited until September 18, 2015—388 days after the

[4] As in *Heimeshoff*, there is not a controlling statute to the contrary that would prevent the application of the Plan's internal limitations period. *Heimeshoff*, 134 S. Ct. at 613.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

internal review and 271 days after the external review completion—to file her complaint. Dkt. No. 1. Per the unambiguous terms of the Plan, Ms. Doe's right to challenge the adverse benefit determination expired on February 23, 2015 (the court day following 180 days from the conclusion of the final internal appeal). Nuzzi Dec., Ex. B at 4-7, Ex. A at Section 8.3. Ms. Doe's second claim, therefore, is time barred and should be dismissed with prejudice.

### C. The Third Claim Fails Because Ms. Doe Lacks Standing To Seek Prospective Injunctive Relief And The Other Equitable Relief She Seeks Is Duplicative Of Her Claim For Benefits.

Ms. Doe lacks standing to maintain a claim for prospective injunctive relief claim based on the allegations in her complaint. To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014). Moreover, in all circumstances in which a plaintiff may "seek injunctive relief, a plaintiff must show that he [or she] is under threat of suffering injury in fact that is concrete and particularized**;** the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (internal quotation marks omitted).

Here, to state a claim for prospective injunctive relief, Ms. Doe must allege with particularity that she will relapse and require residential treatment for her alleged substance abuse disorder in the future, thus necessitating the need for such injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 108-09 (1983) (holding that a plaintiff who had been subjected to an illegal chokehold by police did not have standing to pursue a prospective injunction against the use of chokeholds because it was too speculative that he would be stopped and illegally choked again); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (injunctive relief requires a plaintiff to demonstrate "he [or she] has suffered



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

or is threatened with a concrete and particularized legal harm . . . coupled with a sufficient likelihood that he will again be wronged in a similar way") (citations omitted).

Ms. Doe fails to make such particularized allegations. Instead of plausibly alleging why she will need further residential treatment of her substance abuse disorder, Ms. Doe simply asserts in a conclusory fashion that she "faces the imminent threat" of having to pay for "medically necessary [residential treatment for a substance abuse disorder] out of her own pocket . . . in the near future." AC ¶ 18. Ms. Doe's bare-boned allegation does not meet the requirements of particularity and plausibility to state a claim for injunctive relief. *Twombly*, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Therefore, the third claim should be dismissed.

In addition, like in her first claim, Ms. Doe's request for "other equitable relief" under ERISA § 502(a)(3) in her third claim fails because it is duplicative of her claim for benefits. *See supra* Section III.A.

**IV. <u>CONCLUSION.</u>**

For the reasons stated above, Defendants respectfully request that the Court dismiss this action with prejudice.

DATED this 28th day of April 2016.

MORGAN, LEWIS & BOCKIUS LLP

By <u>*/s/ Nicole A. Diller*</u>
Jeremy P. Blumenfeld(admitted pro hac vice)
Nicole A. Diller (admitted pro hac vice)
Roberta H. Vespremi (admitted pro hac vice)
*Attorneys for Defendants*

RIDDELL WILLIAMS P.S.

By <u>*/s/ Laurence A. Shapero*</u>
Laurence A. Shapero, WSBA #31301
*Attorney for Defendants*



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below written, I electronically filed

**DEFENDANTS THE BOEING COMPANY MASTER WELFARE PLAN AND THE BOEING COMPANY EMPLOYEE BENEFIT PLANS COMMITTEE'S MOTION TO DISMISS PLAINTIFF JANE DOE'S AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

**[PROPOSED] ORDER GRANTING DEFENDANTS THE BOEING COMPANY MASTER WELFARE PLAN AND THE BOEING COMPANY EMPLOYEE BENEFIT PLANS COMMITTEE'S MOTION TO DISMISS PLAINTIFF JANE DOE'S AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael S. Wampold, WSBA #26053
Leonard J. Feldman, WSBA #20961
Felix G. Luna, WSBA #27087
Peterson Wampold Rosato Luna Knopp
1501 4th Avenue, Suite 2800
Seattle, WA 98101
Phone: 206-624-6800
Email: wampold@pwrlk.com
feldman@pwrlk.com
luna@pwrlk.com

*Attorneys for Plaintiff*

Stephen R. Parkinson, WSBA #21111
Barry G. Ziker, WSBA #11220
Joyce Ziker Parkinson PLLC
1601 5th Avenue, Suite 2040
Seattle, WA 98101
Phone: 206-957-5960
Email: sparkinson@jzplaw.com
bziker@jzplaw.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 28, 2016, in accordance with 28 U.S.C. § 1746.

*/s/ Adele Doyle*
Adele Doyle

DB1/ 87462699.1



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
ONE MARKET STREET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105-1596
+1.415.442.1000